**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA

v.                          No. 4:09CR00253 JLH

BILLY WAYNE PARKS

### PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1.     As the result of the guilty plea to Count Two of the Indictment, and a stipulation of the defendant in which he agreed to the forfeiture the Government sought pursuant to 18 U.S.C. § 2253 defendant shall forfeit to the United States:

   a. All property used or intended to be used in any manner or part to commit the commission of offenses involving 18 U.S.C. § 2252 (a)(4)(B).

   1.  24 CDRs
   2.  19 Floppy Discs
   3.  47 CDRs
   4.  43 CDRs
   5.  One Linksys Router, Serial No. CB910b09765
   6.  One home-made computer
   7.  One cable modem, Serial No. 500985B62C
   8.  Three DVD-R
   9.  Two CDRs
   10. Four hard-drives
   11. Two GB jump-drives san disk
   12. One Lexis jump-drive
   13. One wireless Linksys Router, Serial No. CDF1G7B2897
   14. One Olympus Camera, Camedia C-275
   15. Three floppy discs
   16. One IBM Laptop Computer, T-61, 6460, Serial No.L3-A3108 07/87
   17. One CDR
   18. 13 DVDs
   19. 12 CDRs
   20. Four DVDs
   21. One Western Digital hard-drive 4.3 GB, Serial No. WMG26

  22. One Acer Computer, Model NO. P440DB, Ext. No. A4471G
  23. One Leading Edge WinPro 486, Model No., Win7202, Serial No. 0044330601559
  24. One Packard Bell Computer, Model No. PB430A, P/N 824686
  25. One Maxtor D540X-wk hard-drive 80.0 GB
  26. One Palm Held computer, Serial No. PN70U965V2P3 with power cord
  29. 14 CDs (10 5 ½" disks)
  30. 29 CDs
  31. 91 3.5 Disks

2. The Court has determined, based on the evidence already in the record, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 2253, and that the government has established the requisite nexus between such property and such offenses :

  1. 24 CDRs
  2. 19 Floppy Discs
  3. 47 CDRs
  4. 43 CDRs
  5. One Linksys Router, Serial No. CB910b09765
  6. One home-made computer
  7. One cable modem, Serial No. 500985B62C
  8. Three DVD-R
  9. Two CDRs
  10. Four hard-drives
  11. Two GB jump-drives san disk
  12. One Lexis jump-drive
  13. One wireless Linksys Router, Serial No. CDF1G7B2897
  14. One Olympus Camera, Camedia C-275
  15. Three floppy discs
  16. One IBM Laptop Computer, T-61, 6460, Serial No.L3-A3108 07/87
  17. One CDR
  18. 13 DVDs
  19. 12 CDRs
  20. Four DVDs
  21. One Western Digital hard-drive 4.3 GB, Serial No. WMG26
  22. One Acer Computer, Model NO. P440DB, Ext. No. A4471G
  23. One Leading Edge WinPro 486, Model No., Win7202, Serial No. 0044330601559
  24. One Packard Bell Computer, Model No. PB430A, P/N 824686
  25. One Maxtor D540X-wk hard-drive 80.0 GB
  26. One Palm Held computer, Serial No. PN70U965V2P3 with power cord

      29.    14 CDs (10 5 ½" disks)
      30.    29 CDs
      31.    91 3.5 Disks

3.    Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the property subject to forfeiture, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4.    Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.    The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

6.    Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 2253(b).

7.    Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing or before sentencing if the defendant consents and shall be made part of the sentence and included in the judgment. If no third party files

a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 18 U.S.C. § 2253(b) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED this 12th day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE